IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CATRINA DENISE WOODS, et al.,

    Plaintiffs,

vs.                                       CASE NO. CV-03-J-2835-S

COMPUTER SCIENCES
CORPORATION,

    Defendant.

## MEMORANDUM OPINION

Currently pending before the court is the defendant's motion for summary judgment (doc. 19), evidence in support of said motion (doc. 20) and memoranda of law (docs. 21-25). The plaintiffs submitted a brief in opposition thereto and filed evidence in support of their opposition (docs. 34 and 35), to which the defendant has submitted additional evidence and a reply (docs. 37-38).

Plaintiffs commenced this action by filing a complaint alleging the defendant discriminated against them on the basis of race (black) in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, ("Title VII") and 42 U.S.C. § 1981. Additionally, plaintiff Rudine Johnson states a claim for retaliation under the Family Medical Leave Act ("FMLA"), 29 U.S.C. §2601, *et seq.*[1] Upon consideration of the pleadings, memoranda of the parties and evidentiary submissions

---

[1] The plaintiffs also each stated a claim for unequal pay. However, these claims were withdrawn due to a lack of evidence to support them. *See* plaintiffs' brief in opposition, at 10 n. 2, 16 n. 5, 20 n. 6 and 23 n.7.

received, the court concludes that the motion for summary judgment is due to be granted on all counts of the complaint as no genuine issues of material fact remain and the defendant is entitled to judgment in its favor as a matter of law.

The plaintiffs claims include such complaints as managerial personnel being rude, managerial personnel referring to various employees as stupid, not being allowed to take leadership classes, not being promoted, in the case of Erica Ashford, nothing being done after she complained the office was too cold. Of all the plaintiffs, only Rudine Johnson is still employed by defendant.

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.* 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and

identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed.R.Civ.Pro 56(e). In meeting this burden, the nonmoving party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.P. 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991).

On motions for summary judgment, the court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. *See Adickes v. SH. Kress & Co.*, 398 U.S. 144, 157 (1970). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251-252. The court must consider the evidence in the light most favorable to the plaintiff and may not make credibility determinations nor weigh the parties' evidence.

*Frederick v. Sprint/United Management Co.* 246 F.3d 1305, 1311 (11th Cir.2001); *Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 848 (11th Cir.2000). With these standards in mind, the court considers each of the plaintiffs' claims.

The court has read all of the parties' evidence and submissions. For the reasons set forth in the individual briefs of the defendant (docs. 21-25) and the defendant's reply (doc. 38), the defendant's motion for summary judgment is due to be granted, as the court finds no genuine issue of material fact exists. The court adds only the following:

To establish a prima facie hostile environment claim, the plaintiffs must show that the actions of the defendant altered the condition of the workplace, creating an objectively abusive and hostile atmosphere. *Edwards v. Wallace Community College*, 49 F.3d 1517, 1521 (11th Cir.1995). *See also Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21, 114 S.Ct. 367, 370 126 L.Ed.2d 295 (1995). This court is aware that the plaintiffs could have a viable hostile environment claim even when the racial remarks were not directed at them. *Busby v. City of Orlando*, 931 F.2d 764, 785 (11th Cir.1991). However, here there are no racial remarks. The comments about which the plaintiffs complain were so infrequent, the plaintiffs each named about five (including such statements as "you people" addressed to a group of people), over their years of employment at defendant. Additionally, they each rely on the same

4

comments, as told to each other by the one plaintiff who may have actually overheard the comment in question in a conversation to which she was not a party. The plaintiffs cannot substantiate many of these comments without resorting to hearsay to establish that such statements were ever made. As the Eleventh Circuit has observed, Title VII was not meant to be a federal "civility code." *Mendoza v. Borden Inc.,* 195 F.3d 1238, 1245 (11th Cir.1999). The plaintiffs complaints here are in the nature of rude comments, not racially hostile ones. For example, they complain that various supervisors did not say good morning, or called a non-party "stupid."[2] Even assuming the plaintiffs believed their environment to be subjectively hostile, they cannot establish that any reasonable person would have believed it to be objectively hostile. *See e.g., Miller v. Kenworth of Dothan, Inc.,* 277 F.3d 1269, 1276 (11th Cir.2002). Rather, the plaintiffs want to sue for such things as "Defendant's practice of disparate treatment of African-Americans by addressing Ms. Woods in a rude manner ..." Plaintiff's opposition at 6. However, "Title VII[ ] is neither a 'general civility code' nor a statute making actionable the 'ordinary tribulations of the workplace.'" *Gupta v. Florida Brd. of Regents,* 212 F.3d 571, 587 (11th Cir.2000) (quoting *Anderson v. Coors Brewing Co.,* 181 F.3d 1171, 1178 (10th Cir.1999)). To support a claim under

---

[2] According to plaintiff Ashford, the employee that was called stupid would "always mess up on stuff." Ashford depo. at 53.

5

Title VII, the employer's action must impact the "terms, conditions, or privileges" of the plaintiff's job in a real and demonstrable way. *Davis v. Town of Lake Park, Fla.* 245 F.3d 1232, 1239 (11th Cir.2001). The plaintiffs fail to offer any evidence which meets this burden.

## CONCLUSION

The court having considered the submission and pleadings of the parties, and finding that the plaintiffs have failed to establish any genuine issue of material fact, the court **ORDERS** that the defendant's motion for summary judgment is hereby **GRANTED**. The plaintiffs' claims are **DISMISSED WITH PREJUDICE**.

**DONE** and **ORDERED** this the 1 day of November, 2004.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE